# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-3703/3705/4201

_____

William Stodghill,      *
     *
       Appellant/Cross-Appellee,    *
     *    Appeal from the United States
v.      *    District Court for the
     *    Eastern District of Missouri.
Service Employees International Union,    *
Local 50, AFL-CIO, CLC,      *
     *
       Appellee/Cross-Appellant.    *

_____

Submitted: June 16, 1999

Filed: October 6, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER,[1]
     District Judge.

_____

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

William Stodghill was president of Local 50 of the Service Employees International Union for seventeen years (unless otherwise noted, all references to "the union" are to Local 50 rather than to the international union). After losing a bid for re-election, he resigned from office shortly before his term expired. The union subsequently questioned several expenditures made while Mr. Stodghill was president. Eventually, the union brought internal charges against him, to be resolved by a union trial board. (More or less contemporaneously, the union also sued Mr. Stodghill in federal court, but the suit was later dismissed for lack of subject-matter jurisdiction.)

When the union trial board convened to determine the internal charges against Mr. Stodghill, he protested that he was not given adequate time and materials to prepare a defense and walked out of the hearing. The trial board then convicted him in absentia and expelled him from the union. Mr. Stodghill and the union later agreed to a new hearing before a second trial board, but he was again convicted and expelled from membership.

Mr. Stodghill then sued the union under the Labor-Management Reporting and Disclosure Act, see 29 U.S.C. §§ 401-531, contending that the union did not afford him a full and fair hearing, wrongfully deprived him of the perquisites due to a president emeritus, and wrongfully failed to exhaust its internal remedies before suing him. The union counterclaimed for various breaches of fiduciary duty under state law, including the improper expenditure of union funds and the unauthorized use of, and acquisition of title to, a union car.

After a bench trial, the court found that Mr. Stodghill was deprived of a full and fair hearing and therefore was wrongfully expelled from the union. Although the court refused to award damages to Mr. Stodghill, it did order him reinstated to membership in the union pending a hearing before a third trial board. The court also awarded

attorney's fees to Mr. Stodghill. The court found against Mr. Stodghill, however, on his claims that he is entitled to the status of president emeritus and that the union failed to exhaust its internal remedies. With respect to the counterclaim, the court found that the union failed to prove any improper expenditures and that, although Mr. Stodghill did not have a right to use or to acquire title to a union car, and did have to return the car, he acted in good faith and was therefore not liable for damages to the union. See, generally, Stodghill v. Service Employees International Union, Local 50, 13 F. Supp. 2d 960 (E.D. Mo. 1998).

Mr. Stodghill appeals the trial court's failure to grant damages on his claim with respect to a full and fair hearing. He also appeals the court's order requiring a hearing before a third trial board, maintaining that because the court reached the merits of the issues that would come before that board, further litigation of those issues is barred by res judicata. Finally, Mr. Stodghill appeals the court's holdings that he is not entitled to the status of president emeritus and that the union has no duty to exhaust its internal remedies. The union cross-appeals the trial court's ruling in regard to the full and fair hearing, asserting that Mr. Stodghill waived his objections to the members of the second trial board. The union also appeals the award of attorney's fees to Mr. Stodghill, the court's finding against it on the claim of improper expenditure of union funds, and the court's failure to award damages on the claims relative to the union car. We affirm in part and reverse in part.

I.

The union contends that although the court found that Mr. Stodghill failed to receive a full and fair hearing, the decisions of the second union trial board must stand, because Mr. Stodghill waived his objections to the members of the second trial board by agreeing to its formation. We find no intimation in the record, however, that this argument was made to the trial court, so we decline to consider it on appeal. See Nelson v. J. C. Penney Company, Inc., 75 F.3d 343, 348 (8th Cir. 1996), cert. denied, 519 U.S. 813 (1996); see also Pedigo v. P.A.M. Transport, Inc., 60 F.3d 1300, 1304

(8th Cir. 1995). We therefore affirm the trial court's ruling that Mr. Stodghill was deprived of a full and fair hearing and thus is entitled to reinstatement in the union.

Mr. Stodghill contends that the trial court erred in refusing to award him damages for the union's failure to afford him a full and fair hearing. The union responds, correctly we think, that Mr. Stodghill failed to present evidence sufficient to demonstrate that he suffered any compensable injury as the result of the union's actions. Mr. Stodghill concedes that his loss of the paid positions of president of the local union and vice-president of the international union was the result of his defeat in his bid for re-election, and not of his expulsion from the union. He maintains, however, that his expulsion caused him to lose several unpaid positions on the boards of union-related organizations, which in turn divorced him from contacts necessary to acquire upper-level employment elsewhere in the labor movement. He therefore contends that he is entitled to damages amounting to the difference between his previous salary and the amount that he makes in the low-paying part-time job that he asserts is all that he has been able to find. Upon review of the record on this issue, we believe that Mr. Stodghill failed to demonstrate a sufficient causal connection between the union's actions and his failure to find employment comparable to his former position. We therefore affirm the trial court's denial of damages to Mr. Stodghill.

Finally, Mr. Stodghill contends that since the trial court, in rejecting the union's counterclaim, reached the merits of the issues that would come before the third trial board, any further litigation of those issues by the board is barred by the doctrine of res judicata. We believe, however, that the doctrine of res judicata has no application to an internal union proceeding, because the union is a private entity. Congress has required unions to act fairly in their disciplinary proceedings, see 29 U.S.C. § 411(a)(5), but union trial boards are not courts or administrative agencies whose consideration of a claim can be barred by prior litigation. It has never been held, to our knowledge (and Mr. Stodghill cites no authority on this point), that a private organization can be barred from disciplining one of its members based on issues

-4-

decided in earlier litigation between the organization and the member. The trial court recognized this distinction in its opinion, noting that despite the court's conclusion that the union denied a full and fair hearing to Mr. Stodghill, the court was not addressing the question of Mr. Stodghill's guilt or innocence with respect to the internal union charges. Those charges are entirely for the union to decide after a full and fair hearing.

## II.

Mr. Stodghill appeals the trial court's ruling that he is not entitled to the status of president emeritus. He seeks to recover the benefits associated with that position, including lifetime health insurance, office space at the union's offices, and the continued use of the car provided for him while he was president. He relies on article XV, § 15.04, of the applicable version of Local 50's constitution, which provides that "any President who serves at least 10 consecutive years and leaves office under honorable circumstances shall receive [these benefits] upon retirement in appreciation for those years of service" (inexplicably, neither party provided this court with a copy of the constitution of Local 50).

The union refused to grant to Mr. Stodghill the title of president emeritus and its associated benefits, contending that he left office under dishonorable circumstances (the questioned expenditures at issue in this case) and that, because he intended to run for the presidency of the union in the future, he is not "retired" within the meaning of the relevant language in the constitution of Local 50. The trial court upheld the union's decision on the grounds that Mr. Stodghill is not "retired." We disagree.

The determination of this issue depends partly on the interpretation of the term "retirement" as used in the constitution of Local 50. Because we believe that the constitution creates a contract, we must give its words their ordinary meaning and, if the relevant provision is ambiguous, we must construe it against the party that drafted it, in this case the union. See, e.g., Missouri Consolidated Health Care Plan v.

<u>Bluecross Blueshield of Missouri</u>, 985 S.W.2d 903, 910 (Mo. Ct. App. 1999). In light of these rules of construction, we believe that Mr. Stodghill is in fact "retired."

It seems clear to us that the word "retirement" as used in the provision refers only to retirement from the post of president; indeed, the provision itself states that its purpose is to confer benefits upon former presidents "in appreciation for [their] years of service." When Mr. Stodghill resigned from the office of the president after his election defeat, he retired from the presidency. He may indeed come out of retirement if he is ever re-elected, but an intention, if any, to do so in the future does not alter the fact that he is currently retired from the presidency. Even if this is not the plain meaning of the words, the principle that an ambiguity in a contract should be resolved in Mr. Stodghill's favor carries the day for him.

The union argues that, even if he is retired, Mr. Stodghill is not entitled to the status of president <u>emeritus</u>, because he did not leave the presidency "under honorable circumstances." Although it could be argued that "honorable circumstances" means that the retiring president has to have acted honorably, we believe that the more natural construction of the relevant phrase is that there was nothing dishonorable about the events surrounding his or her departure from office. Again, moreover, we resolve the ambiguity, if any, in Mr. Stodghill's favor. The union has not argued at any point that Mr. Stodghill's resignation was related to any of the acts that eventually led to charges against him. Thus, although the union may have its questions about whether Mr. Stodghill acted honorably while he was president, there is no support for the proposition that he left office under dishonorable circumstances. He was not removed from office; he resigned. We hold, therefore, that Mr. Stodghill is entitled to the position of president <u>emeritus</u> and to all of its attendant perquisites.

### III.

Mr. Stodghill appeals the trial court's ruling that Local 50 did not violate the applicable versions of the international union's constitution by failing to exhaust internal

remedies before suing him. The relevant provision of the international union's constitution, article XXII.A (article XXIII.A in a later version), states that no "Local Union ... shall bring any action against ... any officer[] ... unless [it] has exhausted all procedures available under this Constitution and the laws promulgated thereunder" (neither party supplied a copy of the international union's constitution, either). Mr. Stodghill argues that this language should be read to apply to suits against former officers, or to suits based on acts committed by former officers when they were in office. The trial court held, however, and we agree, that the plain language of this provision does not afford protection to former officers. It states that internal remedies must be exhausted before filing suit against officers, and we think that this can reasonably mean only people who are officers at the time that the suit is initiated.

Mr. Stodghill also contends that the union conceded that he was an officer within the meaning of its constitution because in the union's lawsuit (later dismissed), the complaint stated that he was an officer of Local 50 "at all times relevant" to the cause of action. We do not believe that the complaint intended to assert that Mr. Stodghill was an officer of the union at the time of the suit; we believe instead that the language meant that the actions that were the basis for the suit were committed while he was an officer. Even if this statement in the complaint was ambiguous, and we do not think that it was, it could hardly form the basis of a judicial estoppel.

IV.

The union challenges the trial court's conclusion that the union failed to prove two of the breaches of fiduciary duty by Mr. Stodghill that were alleged in the counterclaim. First, the court found that Mr. Stodghill failed to keep sufficient records of the questioned expenditures but also found that the union did not prove that any of these expenditures were improper. The union contends that once it was established that Mr. Stodghill failed to keep adequate records of the expenditures, the burden shifted to him to show that the expenditures were proper.

We note, first, that this argument is not the same as the one that the union made to the trial court. There, the union argued that because Mr. Stodghill received the direct benefit of the questioned expenditures, he had the burden to establish the specifics of those expenditures, including the relationship between each expenditure and a union purpose. In any event, regardless of who had the burdens of proof or production or under what circumstances those burdens might shift, it is clear to us that the court believed the evidence that Mr. Stodghill presented in support of his contention that the expenditures were proper. In other words, even if the court had expressly placed a burden of proof or production on Mr. Stodghill to show that the questioned expenditures were union-related, the court would still have ruled in his favor, because the court believed Mr. Stodghill's testimony. We therefore affirm the court's resolution of the union's counterclaim with respect to the expenditure of union funds.

The union also counterclaimed for damages for a breach of fiduciary duty by Mr. Stodghill in refusing to return the car provided to him as president and for registering the car in his name. The trial court (in light of its ruling that Mr. Stodghill is not entitled to the status of president emeritus) ordered Mr. Stodghill to return the car. The court refused to award damages to the union, however, because, the court held, Mr. Stodghill acted in good faith when he continued to use the car.

Since Mr. Stodghill is entitled to use the car because of his status as president emeritus, his refusal to return it is not actionable, and therefore no award of damages is appropriate for his continued use of it. The union contends, nevertheless, that it is entitled to monetary damages because Mr. Stodghill registered the car in his name, in contravention of article XXVI of the union's constitution, which prohibits members from having a "severable ... title or interest" in union property. We admit to being somewhat bewildered by this provision, because we are unable to see how anyone other than the union could ever have an interest in property belonging to the union. Does the provision simply set its face against joint ownership? In any event, we see

no error in the trial court's ruling, because even if this baffling provision was violated, the union has not shown that it suffered any damages as a result.

## V.

The trial court awarded attorney's fees to Mr. Stodghill on the theory that his "successful litigation confer[red] 'a substantial benefit on the members of an ascertainable class, and ... the court's jurisdiction over the subject matter of the suit ma[de] possible an award that will operate to spread the costs proportionately among them.' " Hall v. Cole, 412 U.S. 1, 5 (1973), quoting Mills v. Electric Auto-Light, 396 U.S. 375, 393-94 (1970). Despite the union's opposition to this fee award, we believe, as the court ruled, that Mr. Stodghill's successful claim sent a clear message to the union that biased disciplinary proceedings will not be tolerated, thus conferring a benefit on all union members by encouraging unbiased proceedings in the future. Furthermore, by having the union pay Mr. Stodghill's attorney's fees, the costs of that successful litigation may well be spread among those who benefitted.

The union attempts to distinguish Hall, asserting that the trial court's ruling in the instant case was based on facts peculiar to Mr. Stodghill, whereas in Hall, 412 U.S. at 8-9, it was clear that the free speech rights of all union members were vindicated. Although it is true that the facts of Mr. Stodghill's case may be peculiar to him, the lesson to the union is general, and all union members will benefit. The union also contends that Hall is distinguishable because Mr. Stodghill must still face a third trial board, whereas the plaintiff in Hall, id. at 3, was reinstated to union membership without having to undergo any further disciplinary proceedings. We believe that this distinction is irrelevant to the fact that the trial court sent a clear message to the union upholding the rights of all union members to unbiased proceedings.

The union also challenges the amount of the fee award, arguing that the trial court's method for calculating it was too vague and was not explained in sufficient detail. "There is no precise rule or formula for making these determinations. The

district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983). It seems clear to us from the court's order that it estimated, to the best of its ability, what portion of Mr. Stodghill's fees were related to his successful claims. Considering the amount of fees requested and the relative importance of Mr. Stodghill's successful claims, we believe that the court's award of fees was well within its discretion.

VI.

For the reasons stated, we affirm in part and reverse in part.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.