06-0355-cv, 06-0504-cv
Doro v. Sheet Metal Workers

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2006

(Argued February 5, 2007                    Decided August 17, 2007)

Docket Nos. 06-0355-cv(L), 06-0504-cv(XAP)

-------------------------------------------

LOUIS DORO,

Plaintiff-Appellant-Cross-Appellee,

v.

SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION,

Defendant-Appellee-Cross-Appellant,

LOCAL UNION 38, SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION AND GINO COLUMBO,
PRESIDENT OF LOCAL UNION NO. 38, IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES,

Defendants.
-------------------------------------------

B e f o r e: MESKILL, NEWMAN and SACK, Circuit Judges.

Appeal from a judgment of the United States District Court for the Southern District of New York, Brieant, J., entered on December 27, 2005, granting summary judgment for Defendant-Appellee-Cross-Appellant Sheet Metal Workers' International Association and denying Plaintiff-Appellant-Cross-Appellee Louis Doro's motion for partial summary judgment on his claim under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411.

Affirmed; cross-appeal dismissed.

CHRISTOPHER WATKINS, Chester, NY (Stephen Bergstein, Bergstein & Ullrich, Chester, NY, of counsel), for Appellant.

JEFFREY S. DUBIN, Huntington, NY, for Appellee.

MESKILL, Circuit Judge:

This case asks us to decide whether the Sheet Metal Workers' International Association (the International) may be held liable under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411, because in its quasi-appellate role, the International ratified a decision of the local union that allegedly violated member Louis Doro's (Doro) due process rights. We hold that the United States District Court for the Southern District of New York, Brieant, J., properly granted summary judgment for the International and dismissed the claim.

Affirmed; cross-appeal dismissed.

BACKGROUND

Doro is a sheet metal worker who since 1989 has been a member in good standing of the International and its affiliate, Local Union 38 (Local 38). Doro occasionally worked overtime for a Local 38 contractor, P & P Sheet Metal, performing pipe sketching and estimating jobs related to piping and electrical work. On October 22, 1998, fellow Local 38 member Nicholas Colombo, Sr. (Nicholas Colombo), filed charges against Doro with

the local union. The charging document alleged the following misconduct:

-Member working for P & P Sheet Metal (a [Local] 38 contractor) accepting substandard wages and benefits for work performed after 40 hours with full knowledge that benefits were not being paid into [Local] 38 and the International Pension.
-Member failing to obtain an overtime permit.
-Member receiving two benefits (vacation and dues check-off in their [sic] pay[]).

On the same day, Nicholas Colombo filed charges against another Local 38 member, Anthony Pelella (Pelella). The documents charging Pelella and Doro are identical, except for the name and address of the charged party.

Doro, in his April 8, 2005 deposition, testified that he was one of about 13 members whom Local 38 charged for work performed for P & P Sheet Metal, allegedly in violation of the union constitution, and that he understood the substance of the charges against him. According to Doro, Roy Seacor, P & P Sheet Metal's owner, called a meeting of all the charged members and said not to worry about the charges, and that the issue of any fines imposed would be dealt with after the union trial.

On November 4, 1998, less than two weeks after mailing the charges, Local 38's Executive Board Trial Committee tried both Doro and Pelella separately. The record before us contains no transcript of the proceedings against Doro and Pelella. Nicholas Colombo's brother Gino Colombo served as Chairman of the Trial Committee. Doro did not object to the composition of the

Trial Committee. Nicholas Colombo read the charges, and Doro responded that he was "sorry if [he] did anything wrong." Doro was not represented by counsel at the hearing or, apparently, at any other time during the union proceedings against him. The record provides no details of Pelella's trial, or any indication whether Pelella admitted the factual basis for the charges against him.

The Trial Committee concluded that Doro and Pelella each violated three sections of the union constitution and fined Doro $11,096 and Pelella $4,418. On November 18, 1998, Gino Colombo read the "trial minutes" of both trials to Local 38's membership. The membership ratified the findings of guilt and the fines.[1]

Doro appealed to Arthur Moore, the General President of the International, who affirmed Local 38's decision on January 22, 1999. Doro further appealed to the International's Executive Council, which on July 7, 1999, upheld the decision below, although it modified the penalty to remove any possibility of expulsion. Doro appealed that decision to the International's Grievances and Appeals Committee on September 2, 1999.

Doro's appeal was pending before the Grievances and

_____

[1] Doro contends that the minutes "referred to documentary evidence never shown to [him] at trial and which he never had an opportunity to confront and rebut," but he does not identify that evidence or its relevance to his due process claim against the International.

-4-

Appeals Committee for almost five years, during which time Local 38 filed suit in federal court under the LMRDA against Pelella to collect Pelella's unpaid fine. See Local Union No. 38 v. Pelella, 350 F.3d 73, 78 (2d Cir. 2003). Pelella asserted a counterclaim for violation of his due process rights and breach of contract. Id. On November 27, 2001, after a two-day trial, a jury found Local 38 liable for violating Pelella's due process rights. Id. at 79. In affirming the order of the district court granting Pelella fees and costs, we noted that Local 38 conceded "that the charges and procedures to which Local 38 subjected Pelella reflect, at the very least, negligent compliance with the due process rights guaranteed by the LMRDA." Id. at 91.

Doro finally appeared before the Grievances and Appeals Committee on August 20, 2004. In a statement that Doro claims he read before the Convention's Grievance and Appeals Committee (the Committee), he argued that the written charges prepared by Nicholas Colombo "did not allege when or where the infractions were committed, the number of hours in question, nor even the work that was covered by the Union contract."[2] Doro cited the Pelella decision as "case law" that compelled the Committee to reverse Local 38's decision against him.

_____

[2] We assume for purposes of the instant appeal that Doro's typed "script" for the hearing, which is reproduced in the record in lieu of a transcript with the annotation "Read on August 20, 2004 before Grievance & Appeals Committee," represents an accurate account of Doro's presentation to the Committee. Neither party appears to dispute this.

The Committee recommended that the General Executive's decision be upheld. In recounting the prior proceedings, the Committee stated that Local 38 had observed Doro's due process rights, "including serving him with charges stating with sufficient details the conduct of which he was accused and giving him a full opportunity to defend against those charges." In giving its reasons for recommending that the Convention uphold the decision of the Executive Council, the Committee stated that "Doro, both in his statements to the Committee and in his prior statements during the appeal process, had acknowledged violating the SMWIA Constitution" and had "also acknowledged in his statements before the Committee that he understood the nature of the charges against him." The Committee's recommendation made no reference to the Pelella decision. In a letter dated August 27, 2004, the General Secretary-Treasurer of the International informed Doro that the General Convention had approved the Committee's recommendation and voted to reject his appeal.

On October 18, 2004, Doro filed suit in federal court against Local 38, the International, and Gino Colombo for "willfully" violating his due process rights under the LMRDA. On July 6, 2005, Doro settled with Local 38 and Gino Colombo. The remaining defendant, the International, moved for summary judgment on the ground that Doro, because he sits on the Board of Directors of and owns a 24 percent stake in CAQS, Inc., which

employs Local 38 members, is an "interested employer" who is barred from bringing this suit pursuant to 29 U.S.C. § 411(a)(4). Doro moved for partial summary judgment on the issue of liability, asserting that as a matter of law the International knowingly had ratified a facially illegal decision by Local 38. The district court denied both motions, but entered summary judgment <u>sua</u> <u>sponte</u> for the International on the ground that Doro made no showing that the International acted in bad faith in performing its appellate functions. This appeal followed.

DISCUSSION

## Standard of Review

We review <u>de</u> <u>novo</u> a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party. <u>See</u> <u>Aon Fin. Prods. v. Société Générale</u>, 476 F.3d 90, 95 (2d Cir. 2007). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## The Merits

Doro contends that the district court erred in denying his motion for summary judgment on the issue of liability and in

granting summary judgment for the International sua sponte. Doro's LMRDA claim relies on a number of facts that, even if not formally disputed in the parties' Local Civil Rule 56.1 statements, are nonetheless unsettled, particularly the specific factual background of Doro's and Pelella's union trials. However, Doro has not identified for either the district court or this Court any genuine issue of material fact that would raise a jury question on the issue we deem dispositive. See Fed. R. Civ. P. 56(c).

Doro contends that the International knowingly ratified Local 38's alleged violation of the due process rights afforded him by the LMRDA.[3] He argues that the insufficiency of the charges Local 38 brought against him are evident from the face of the document, and that he informed the International's Grievance and Appeals Committee of the Pelella decision. The International contends that it did not act in bad faith in affirming the decision of Local 38, and that Doro may not bring suit under the

---

[3] The LMRDA's "[s]afeguards against improper disciplinary action" provide that

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5).

LMRDA because he is an interested employer.[4]  We need not decide whether Doro is an interested employer pursuant to 29 U.S.C. § 411(a)(4), because we hold that as a matter of law Doro has failed to adduce any evidence that the International ratified any unlawful action of Local 38.

Congress enacted the LMRDA to correct widespread abuses of power and corruption by union officials, including the abuse of union disciplinary powers.  Pelella, 350 F.3d at 83.  The LMRDA contains a "Bill of Rights" for union members, including the right of a member to bring an action against his union and its leaders in court or before an administrative agency for violations of the LMRDA's substantive provisions.  Id.  This right-to-sue provision was designed to give union members the tools to insure the fairness of their union as a representative institution.  Pelella, 350 F.3d at 83.

We have recognized that this "right to sue" may permit a union member to recover damages from an international union if the international ratifies the illegal acts of a local union.  Phelan v. Local 305, 973 F.2d 1050, 1062 (2d Cir. 1992).  Common

---

[4] Although the International has filed a cross-appeal, it does not seek to modify the district court's judgment.  Thus, "no cross-appeal was necessary to bring these contentions before us if they can be considered otherwise.  They would simply be alternative grounds on which the judgment below could be supported."  United States v. Raines, 362 U.S. 17, 27 n.7 (1960). We therefore dismiss the International's cross-appeal and consider the arguments made in support thereof as arguments for affirming the district court's judgment.

law agency principles govern an international union's liability for the actions of its local chapters or their officers.  Id.  However, an international union's liability for violations of a member's rights may not be coextensive with that of the local union.  While a union member may prevail against a local union under the LMRDA if the local union violated one of his enumerated rights, he may prevail against the international only if the international ratified the local union's violation.  Rodonich v. House Wreckers Union Local 95, 817 F.2d 967, 973 (2d Cir. 1987).

In the pending case, the Committee's recommendation to uphold the Executive Council's affirmance of discipline for Doro's violation was based on his admission of his violation and his further admission that he understood the charges against him.  It remains an open question whether a local union can violate a member's due process rights under the LMRDA when the member does not contemporaneously challenge the deficiencies of the charging document and admits, during the intraunion appeal process, the factual basis for the charges and his understanding of the nature of the charges.  Compare Strom v. Nat'l Ass'n of Basketball Referees, 564 F.Supp. 250, 256 (E.D. Pa. 1983) ("[I]ndependent knowledge of the general nature of the accusations is irrelevant to the requirement that written specific charges be provided."), and Gleason v. Chain Serv. Rest., 300 F.Supp. 1241, 1253 (S.D.N.Y. 1969) ("An ex post facto showing that the accused had

knowledge of the events surrounding the alleged offenses cannot cure the lack of adequate written notice made mandatory by the statute."), aff'd, 422 F.2d 342 (2d Cir. 1970), with Stodghill v. Serv. Employees' Int'l Union, 13 F.Supp.2d 960, 965-66 (E.D. Mo. 1998) (holding that the charges were sufficiently specific when the union member, by his own admission, "was prepared to defend himself against the charges"), aff'd in part and rev'd in part on other grounds, 192 F.3d 1159 (8th Cir. 1999), and Vars v. Int'l Bhd. of Boilermakers, 215 F.Supp. 943, 948 (D.Conn. 1963) (finding no due process violation where member was "very familiar" with factual basis for the charges).  We need not decide this question today.  It suffices for our decision to hold that, with the law unsettled as to whether a member's admissions of both his violations and his understanding of charges insulates a local from liability for imposing discipline on arguably inadequately specific charges, an intraunion appellate body does not ratify the arguable due process violation of the local by affirming the member's discipline on the basis of his admissions.

CONCLUSION

We conclude that the district court properly granted summary judgment for the International because Doro has failed as a matter of law to demonstrate that the International violated the LMRDA in relying on his admissions in affirming Local 38's decision to discipline him.  Therefore the judgment of the

-11-

district court is affirmed, and the International's cross-appeal is dismissed.