# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1241

_____

Equal Employment Opportunity
Commission,

        Appellant,

Dennis Anderson,

        Plaintiff-Intervenor,

   v.

Product Fabricators, Inc.,

        Appellee.

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted: November 14, 2011
Filed: January 31, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The Equal Employment Opportunity Commission and Dennis R. Anderson agreed with Product Fabricators, Inc. to propose a decree to ensure compliance with the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-213; 47 U.S.C. §§ 225, 611. The district court rejected the proposed decree on the ground that the EEOC did not identify a basis for the court to continue jurisdiction over the case for

two years. Jurisdiction being proper under 28 U.S.C. § 1292(a)(1), this court vacates and remands.

For at least 15 years, Product Fabricators' "drug policy" required employees to report to their supervisor when they took any medication causing dizziness or drowsiness, or otherwise affecting their senses, motor ability, judgment, reflexes, or ability to perform their jobs. Failure to comply could result in termination.

In September 2007, Anderson, a shear operator, did not work for several days due to back pain. His doctor said he could return to work "with no restrictions" on September 17. He returned to work in a position that was less physically strenuous. On September 18, he left work early, due to a sore back. He did not work the next two days. On September 20, he reported an injury from September 18, adding he was medicated while working on the 17th and 18th. On September 21, Product Fabricators terminated Anderson for violating the drug policy.

The EEOC alleges that under the drug policy, Product Fabricators made unlawful medical inquiries of employees, failed to keep confidential their medical information, and discharged Anderson because of his disability and/or as a result of an unlawful application of the drug policy — all in violation of the ADA. *See* **42 U.S.C. §§ 12112(d), 12112(a)**.

The parties presented a consent decree to the district court, which requested justification for continuing jurisdiction. After receiving letters from the parties on the issue, the district court denied the EEOC's "Motion for Approval of Consent Decree with Injunctive Relief and Continuing Jurisdiction." The proposed decree requires the destruction of records containing unlawfully-obtained medical information within 30 days, annual employee training about the ADA, posting of an agreed-upon notice

-2-

to employees, and annual reporting of company compliance and employee complaints to the EEOC. It also enjoins: an ongoing pattern or practice of medical inquiries that violate the ADA, further use of medical information collected through those inquiries, and other forms of disability discrimination and retaliation. The proposed decree would remain in effect for two years.

This court reviews a district court's acceptance or rejection of a proposed settlement for abuse of discretion. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002). An abuse of discretion occurs "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

Consent decrees should: spring from — and serve to resolve — a dispute within the court's subject-matter jurisdiction; come within the general scope of the case from the pleadings; and, further the objectives of the law on which the complaint was based. *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). A consent decree must be formulated to protect federal interests. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004). The adopting court is free to reject agreed-upon terms not in furtherance of statutory objectives. *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993). "To be sure, a federal court is more than 'a recorder of contracts' from whom parties can purchase injunctions". *Local Number 93*, 478 U.S. at 525 (citation omitted).

"When reviewing a proposed consent decree, the trial court is to review the settlement for fairness, reasonableness, and adequacy." *United States v.*

*Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992). Product Fabricators' reliance on the standards for post-trial relief is misplaced. *See EEOC v. Siouxland Oral Maxillofacial Surgery Assocs., L.L.P.*, 578 F.3d 921 (8th Cir. 2009) (reviewing denial of injunction after jury trial). The law strongly prefers settlement agreements, especially in employment discrimination cases. *See Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981) ("Cooperation and voluntary compliance were selected [by Congress] as the preferred means for achieving [nondiscrimination]."), *citing Alexander v. Gardener-Denver Co.*, 415 U.S. 36, 44 (1974).

The district court did not object to any substantive term of the proposed decree, but thought that it was unreasonable because the EEOC "point[ed] neither to present nor to past instances of Defendant's conduct that would render continuing jurisdiction appropriate." The district court seemingly agreed with Product Fabricators that the allegations involve isolated acts of discrimination insufficient for continuing jurisdiction. The district court's order does not mention the drug policy, addressing only discrimination against Anderson. This fails to accord the federal interest the significance it deserves. The Supreme Court says that "the private right of action remains an essential means of obtaining judicial enforcement . . . ," concluding that "[i]n [discrimination] cases, the private litigant not only redresses his own injury but also vindicates the important congressional policy against discriminatory employment practices." *Alexander*, 415 U.S. at 45.

The EEOC emphasizes that the drug policy would be a longstanding ADA violation. The EEOC's memorandum in support of its consent decree pointed to two longstanding and ongoing patterns or practices of violations of the ADA's medical inquiries and confidentiality provisions. *See International Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977) (stating that a pattern or practice of

violations means that "discrimination was the company's standard operating procedure . . . .").

The district court also rejected continuing jurisdiction based on the EEOC's statement that it did not expect to engage the court to enforce the decree.[1] The district court failed to consider the rest of the EEOC's statement: "Nevertheless, the ability of the EEOC or another party to move quickly to enforce the consent decree remains an essential mechanism to protect the integrity of the decree and ensure compliance."

Continuing jurisdiction is the norm (and often the motivation) for consent decrees. *See **Local No. 93***, 478 U.S. at 524 n.13 ("Public law settlements are often complicated documents designed to be carried out over a period of years, . . . so any purely out-of-court settlement would suffer the decisive handicap of not being subject to continuing oversight and interpretation by the court." (citation and internal quotation marks omitted)). "A consent decree offers more security to the parties than a settlement agreement where the only penalty for failure to abide by the agreement is another suit." ***SEC v. Randolph***, 736 F.2d 525, 528 (9th Cir. 1984) (citations and internal quotation marks omitted).

The district court believed that the consent decree's dispute resolution clause also rendered continuing jurisdiction inappropriate. That clause requires the EEOC to give Product Fabricators notice of alleged noncompliance 20 business days before initiating any enforcement. The 20 days permit Product Fabricators to comply with

---

[1]In doing so, the district court acknowledged that implementing the consent decree would not require much assistance from the court. *Cf. **Hesselbein***, 999 F.2d at 326 (noting injunctions can be denied if doing otherwise would impose unreasonable burden on court); ***Little Rock Sch. Dist. v. Pulaski Cnty. Spec. Sch. Dist. No. 1***, 921 F.2d 1371 (8th Cir. 1990) (same).

the decree. Contrary to the district court's belief, continuing jurisdiction enhances the deterrent effect of the notice-to-comply clause through the court's potential enforcement.

In sum, the district court gave no consideration to the strong preference for settlement agreements as a means of protecting the federal interest in employment discrimination cases, or to the fact that continuing jurisdiction is a usual component of such agreements, in part due to its deterrent effect. The court also improperly gave significant weight to Product Fabricators' contention that its acts of discrimination were insufficiently widespread to justify continuing jurisdiction in the face of the EEOC's allegations. As a result, the district court here did not explain why continuing jurisdiction was not fair, reasonable, and adequate, and thus abused its discretion.

*******

The judgment of the district court is vacated, and the case remanded for further proceedings consistent with this opinion.

_____