# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2440

_____

League of Women Voters of Missouri, St. Louis A. Philip Randolph Institute, and Greater Kansas City A. Philip Randolph Institute

*Plaintiffs - Appellees*

v.

John R. Ashcroft, in his official capacity as Missouri Secretary of State, and Joel W. Walters, in his official capacity as Director of the Missouri Department of Revenue

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: April 14, 2021
Filed: July 26, 2021

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

In April 2018, the League of Women Voters, the St. Louis A. Philip Randolph Institute, and the Greater Kansas City A. Philip Randolph Institute (together, Plaintiffs) sued the Missouri Secretary of State and the Director of the Missouri Department of Revenue (together, Missouri) under Section 5 of the National Voter

Registration Act of 1993. See 52 U.S.C. §§ 20504, 20510(b). Plaintiffs subsequently obtained a preliminary injunction requiring Missouri to send voter registration forms to thousands of Missouri citizens and to make certain changes to its voter registration procedures in time for the 2018 midterm elections.

In November 2019, the parties entered into a settlement agreement that resolved all remaining issues except for attorney's fees. Noting that Missouri did not dispute Plaintiffs' status as the prevailing party, the district court[1] granted Plaintiffs' motion for attorney's fees a few months later and awarded Plaintiffs $1,143,627.96 in fees and $27,484.15 in litigation expenses. See id. § 20510(c) ("In a civil action under this section, the court may allow the prevailing party . . . reasonable attorney fees, including litigation expenses, and costs."). Missouri now appeals the fee award. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

"We review de novo the legal issues related to an award of attorneys' fees, while the actual award is reviewed for an abuse of discretion." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1159 (8th Cir. 2014). "A district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996). It is also an abuse of discretion to fail to consider "a relevant factor that should have been given significant weight," consider and give significant weight to "an irrelevant or improper factor," or "commit[] a clear error of judgment" in weighing the appropriate factors. EEOC v. Prod. Fabricators, Inc., 666 F.3d 1170, 1172 (8th Cir. 2012) (cleaned up).

Missouri first argues that the district court failed to conduct a meaningful review of Plaintiffs' billing records when it calculated the lodestar amount using the number of hours that Plaintiffs submitted for compensation. The "lodestar" is often "[t]he starting point in determining attorney fees" and "is calculated by multiplying

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

the number of hours reasonably expended by the reasonable hourly rates." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). This method is meant to produce "an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010); see also id. at 554 ("[T]here is a strong presumption that the lodestar figure is reasonable . . . ." (cleaned up)). Here, Plaintiffs represented in their petition that they expended 3,753.96 hours on this case. To avoid duplicative billing, however, they voluntarily reduced that amount to 3,251.38 hours by excluding certain activities from their request, such as attorneys participating in settlement calls rather than leading them. The district court found Plaintiffs' "voluntarily reduced time expenditures" reasonable. Missouri now contends that the district court failed to address Missouri's specific objections—for example, that Plaintiffs' billing records were vague, involved too many attorneys, and reflected excessive time expenditures—and thus, that the court failed to independently review Plaintiffs' fee petition. See Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court "bears the responsibility of scrutinizing attorney fee requests"). We disagree.

For one, Missouri fails to provide any support for the proposition that a district court abuses its discretion by not specifically addressing every issue of contention. To the contrary, even general language from the district court can indicate "that it considered the reasonableness and necessity" of the requested fees and "that it considered and rejected" a party's objections to the award. Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897 (8th Cir. 2009); see also Rawa v. Monsanto Co., 934 F.3d 862, 870 (8th Cir. 2019) (concluding that district court's statement "that it had taken both the parties' arguments and the submitted billing records under careful consideration in determining the fee award" was enough to show that it "fulfilled its responsibility of providing a concise but clear explanation of its reasons" (cleaned up)). And here, the district court offered more than just general language. For instance, in rejecting Missouri's argument that too many

attorneys were involved on Plaintiffs' side, the district court noted that "multiple attorneys are commonly used in multiple party litigation" and explained that Plaintiffs' voluntary reductions resulted in a request for fees "for no more than two attorneys for any task performed." This analysis of the attorney-to-task ratio, together with the district court's various references to specific submissions and arguments made by the parties, demonstrates that the district court closely scrutinized Plaintiffs' billing records. See Stodghill v. Serv. Emps. Int'l Union, Local 50, 192 F.3d 1159, 1165 (8th Cir. 1999) (rejecting the argument that the "trial court's method for calculating [the fee award] was too vague and was not explained in sufficient detail" because "[t]here is no precise rule or formula for making these determinations" and "[i]t seem[ed] clear . . . from the court's order that it estimated" the fee award "to the best of its ability" (cleaned up)).

In any event, Missouri has largely failed to point to specific tasks in the billing records that were overstaffed or for which the time expended was excessive. See Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001) (explaining that "[t]he party opposing the fee award has the burden to challenge . . . the reasonableness of the requested fee" through "affidavit or brief" and "with sufficient specificity to give applicants notice" (cleaned up)). The district court "need not, and indeed should not, become [a] green-eyeshade accountant[]." Fox v. Vice, 563 U.S. 826, 838 (2011). After all, the "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Id. On this record, and given the district court's "superior understanding of the litigation," id. (quoting Hensley, 461 U.S. at 437), we conclude that the district court did not abuse its discretion in finding that Plaintiffs reasonably expended 3,251.38 hours on this matter.[2]

---

[2]Missouri also asserts that the district court erred in "allow[ing] the hourly rates sought by Plaintiffs' out-of-state attorneys." Because Missouri "do[es] not develop [its] argument beyond that single sentence, we hold that [it has] forfeited it." Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc., 908 F.3d 313, 341 (8th Cir. 2018).

-4-

Missouri also contends that the district court abused its discretion by failing to apply the Johnson factors in evaluating the reasonableness of the lodestar amount.[3] See Hardman v. Bd. of Educ. of Dollarway, 714 F.2d 823, 825 (8th Cir. 1983) (per curiam) (noting that "this court has adopted the guidelines for determining attorneys' fees set forth" in Johnson);[4] Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 90 (1989). After calculating a fee award using either the lodestar method or the percentage-of-the-fund method, district courts generally evaluate "the ultimate reasonableness of the award . . . by considering relevant factors from the twelve factors listed" in Johnson. In re Target Corp. Customer Data Sec. Breach Litig., 892 F.3d 968, 977 (8th Cir. 2018) (cleaned up). Here, the district court recited all twelve Johnson factors twice and explained that

---

[3]The twelve Johnson factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.3.

[4]Because the Supreme Court's decision in Perdue calls into some question the role the Johnson factors play in evaluating the reasonableness of an attorney's fees award, we assume without deciding that the Johnson factors apply here. See Perdue, 559 U.S. at 551-52; see also id. (comparing the Johnson factors to the lodestar method and (1) explaining that the latter has become "the guiding light of our fee-shifting jurisprudence," and (2) characterizing the lodestar method as "objective"—"unlike the Johnson approach"—and thus helps "cabin[] the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results" (cleaned up)).

the fee request was reasonable based in part on "Plaintiffs' success on the merits at the preliminary injunction stage and the time-sensitive nature of the claims," "counsels' relative litigation experience," and "the general importance of the issues presented"—thus invoking the first, second, seventh, eighth, and ninth factors. This is sufficient indication that it meaningfully considered the Johnson factors that it found "relevant to this litigation." Hardman, 714 F.2d at 825; see also In re Target Corp., 892 F.3d at 977 (finding no abuse of discretion where district court "did not mention Johnson" but "expressed its view . . . that the award was justified by the time and labor required, the difficulty of the matter, the skills necessary to prevail . . . , and the length of the representation").

## II.

Because the district court did not abuse its discretion, we affirm.

_____